UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTIBALLISTIC SECURITY AND PROTECTION, INC, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-02443 (ABJ) |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs Antiballistic Security and Protection, Inc. ("ASAP"), James Quinn, and Gale Leslie Quinn (collectively "plaintiffs") bring this action for legal malpractice and breach of fiduciary duty against a law firm, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") and one of its shareholders, Susan McBee (collectively "defendants"). Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Since plaintiffs assert federal jurisdiction based solely upon 28 U.S.C. § 1331, but the case does not involve the application of federal patent law, the Court will dismiss plaintiffs' claims for lack of subject matter jurisdiction.

**I.   Background**

The relevant facts as alleged in plaintiffs' complaint are as follows. ASAP is in the business of making, selling, and installing light weight walls that protect against explosives, ballistic attack, and forced entry. Compl. ¶ 4. Plaintiffs James Quinn and Gale Leslie Quinn are

ASAP's president and secretary-treasurer, respectively. Compl. ¶¶ 5–6. In April 2003, plaintiffs retained defendant Susan McBee[1] to represent them as their attorney with respect to patent matters. Compl. ¶ 9.

Between July 2003 and May 2004, McBee filed three provisional applications for patents in the United States on behalf of plaintiffs, and the United States Patent and Trademark Office ("USPTO") issued provisional application numbers for each patent. Compl. ¶¶ 10–13. On July 1, 2004, McBee filed a non-provisional application with the USPTO (the "U.S. Application") that claimed priority from the provisional applications. Compl. ¶ 14.

Also on July 1, 2004, pursuant to the Patent Cooperation Treaty (the "PCT"), 28 U.S.T. 7647 (Jan. 24, 1978), McBee filed with the World Intellectual Property Organization International Bureau an international patent claiming priority from the three U.S. provisional applications (the "PCT Application"). Compl. ¶ 13. The PCT Application was substantially identical to the U.S. Application. Compl. ¶ 14.

After filing the PCT Application, McBee worked with plaintiffs to prepare and file various foreign applications. Under PCT provisions and Canadian law, ASAP allegedly had 30 months from filing the first U.S. provisional application—until January 1, 2006—within which to file the "national stage" application in Canada. Plaintiffs could extend the filing period under certain circumstances for one year, to January 1, 2007. Compl. ¶ 15.

On November 5, 2005, ASAP allegedly instructed McBee to file a national stage application in Canada and requested cost estimates for the filings. Compl. ¶ 16. Jim Quinn then spoke with a patent agent employed by McBee on December 19, 2005 about delaying the Canadian filing under the one year grace period that McBee had explained would still protect

---

1 At the time, McBee was not a member of defendant Baker Donelson but was instead employed by another law firm. Compl. ¶ 9.

ASAP's rights. On December 27, 2005, Leslie Quinn instructed McBee to file the Canadian national stage application within the one year grace period. Compl. ¶ 18.

On January 6, 2006, McBee joined Baker Donelson and soon agreed to perform all the patent work for ASAP at her new firm. Compl. ¶ 19. In February 2007, McBee left Baker Donelson to join another firm. During that time, plaintiffs discovered that nobody had filed a national stage application in Canada despite plaintiffs' instructions to defendants to do so before the one year grace period expired on January 1, 2007. Plaintiffs then retained Canadian counsel to persuade the Canadian Intellectual Property Office and Canadian courts that they had acted in a timely fashion, but on December 10, 2008, the Canada Federal Court of Appeal ruled against plaintiffs.[2] Compl. ¶ 24.

The next day, December 11, 2008, the USPTO allowed all of the 93 claims in the patent application filed by plaintiffs and on April 21, 2009, issued U.S. Patent No. 7,520,205. Compl. ¶ 26.

On December 30, 2009, plaintiffs brought this action against defendants for legal malpractice and breach of fiduciary duty for defendants' failure to timely file the national stage application in Canada. Defendants moved to dismiss the claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Standard of Review

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216

---

2 In November 2008 McBee returned to Baker Donelson. Compl. ¶ 25.

F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted)). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Under Rule 12(b)(1), plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1995); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Moreover, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint . . . ." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**III.     The Court Lacks Jurisdiction Under 28 U.S.C. § 1338(a)**

Plaintiffs assert jurisdiction in this Court under 28 U.S.C. § 1331 "because the claims arise under Federal law, namely 28 U.S.C. § 1338, which confers exclusive jurisdiction on the federal courts over civil actions arising under any Act relating to patents." Compl. ¶ 2. Defendants counter that the Court lacks jurisdiction under this statute because plaintiffs' cause of action is simply a legal malpractice action that may raise questions involving Canadian patent application procedures, but not United States patent law. Def.'s Mot. to Dismiss at 5. The Court agrees.

Federal courts have exclusive jurisdiction over actions "arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a). A federal court's jurisdiction under section 1338(a) includes cases "in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). The Supreme Court later explained the *Christianson* test to be a determination of whether "a state-law claim necessarily raise[s] a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005) (emphasis added). Such federal jurisdiction demands both a contested and substantial federal issue. *Id.* ("It has in fact become a constant refrain in such cases that federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.").

Here, federal patent law does not create either of plaintiff's causes of action, which are state law claims for legal malpractice and breach of fiduciary duty. So jurisdiction depends on whether patent law is a necessary element—actually disputed and substantial—of one of the well-pleaded claims.

Plaintiffs' claims for legal malpractice[3] and breach of fiduciary duty[4] arise under District of Columbia law. Plaintiffs allege that they had an attorney-client relationship with defendants and that defendants negligently breached their duty as counsel by failing to timely file the Canadian application. Similarly, plaintiffs allege that defendants owed them a fiduciary duty arising out of attorney-client relationship and that defendants breached that duty by failing to file and prosecute the Canadian application. In other words, plaintiffs' entire complaint arises out of the alleged failure to file a timely PCT application in Canada. Under the case-within-a-case doctrine that pertains in legal malpractice cases, plaintiffs' claims necessarily depend on whether the Canadian patent would have issued but for defendants' negligence. *See Bleck v. Power*, 955 A.2d 712, 716 n.9 (D.C. 2008) ("[T]he predicate of the case-within-a-case methodology [for proving malpractice] is ascertaining what the result 'should have been.'") (quoting Ronald E. Mallen & Jeffrey M. Smith, Legal Malpractice § 23:12 at 390 (2011)).

Plaintiffs argue, then, that since the ultimate issuance of the Canadian patent would have depended, at least in part, upon whether the United States patent application was successful, the

---

3   To succeed on a legal malpractice claim under District of Columbia law, plaintiffs must show that (1) the defendant was employed as the plaintiff's attorney, (2) the defendant breached a reasonable duty, and (3) that breach resulted in, and was the proximate cause of, the plaintiff's loss or damages. *Martin v. Ross*, 6 A.3d 860, 862 (D.C. 2010).

4   To prove a breach of fiduciary duty under District of Columbia law, plaintiffs must prove (1) the existence of a fiduciary duty, (2) a breach of the duties associated with that relationship, and (3) injuries that were proximately caused by the breach of the fiduciary duty. *Armenian Genocide Museum & Memorial, Inc. v. The Cafesijian Family Found., Inc.*, 607 F. Supp. 2d 185, 190–91 (D.D.C. 2009).

action raises a substantial question of federal patent law. Pls.' Opp. to Mot. to Dismiss ("Pls.' Opp.") at 6. But as the complaint alleges, the U.S. patent was in fact issued. Compl. ¶ 26. Since that is a matter of public record that is not in dispute, the resolution of this case will not require a determination of the patentability of the underlying invention in the United States. So there is no question of federal patent law for this court to resolve at all—much less a substantial one. While as plaintiffs point out, some cases alleging legal malpractice by patent lawyers may entail the resolution of issues of patent law, *see, e.g.*, *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007); *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007), the mere fact that the foreign patent would have been predicated on the issuance of a patent here is insufficient without more to confer federal jurisdiction in this case. The Supreme Court has made it clear that it is not enough for a state-law claim to implicate a federal issue: the federal issue must be actually disputed and substantial before jurisdiction will attach. *Grable & Sons*, 545 U.S. at 313–14 (recognizing that courts have been "shying away from the expansive view that mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door"). *See also Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 699–701 (2006) (declining to exercise federal question jurisdiction where the federal statute was not a central issue and emphasizing that federal jurisdiction under *Grable* is limited to a "special and small category" of cases).

This conclusion is consistent with *Davis v. Brouse McDowell, LPA*, 596 F.3d 1355 (Fed. Cir. 2010), cited by the defendants. In *Davis*, the Federal Circuit assessed whether the federal district court had jurisdiction over a case in which the plaintiff sued for legal malpractice arising out of her attorneys' failure to timely file a foreign PCT application *and* for negligence in connection with a United States patent application. *Id.* at 1360. The court held that the federal

7

court had jurisdiction under section 1338(a) over the negligence claims related to the United States patent application because the plaintiff was bound to prove that she would have obtained the patents but for defendants' negligence. Because the patentability of plaintiff's invention was controlled by United States patent law, the court held that patent law was a necessary element of her legal malpractice claim. *Id.* at 1361–62. However, the court also noted that "[i]t is undisputed that [plaintiff's] allegations relating to the PCT applications do not raise any issue of U.S. patent law." *Id.* at 1360.

Here, the fact that the U.S. Application had not been granted at the time of the alleged malpractice makes little difference to the analysis. The U.S. Application was granted in its entirety on all claims, and the patent issued as originally filed without any cancelled, changed or amended claims. Compl. ¶ 26; Pls.' Opp. at 6. The gravamen of plaintiffs' claims is not the patentability of the inventions in the United States, but whether defendants' negligence prevented plaintiffs from obtaining a Canadian patent. As a result, the only substantial and disputed issues arise under Canadian law and District of Columbia law, not federal law. Because there is no contested and substantial federal issue raised in plaintiffs' complaint, plaintiffs have failed to meet their burden to demonstrate that the Court has jurisdiction under 28 U.S.C. §1338(a).

**IV.     Conclusion**

For the foregoing reasons, and in reliance upon the motion, the opposition, and the entire record of this case, the Court will grant defendants' motion to dismiss and plaintiffs' complaint will be dismissed for lack of subject matter jurisdiction.  A separate order will issue.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　AMY BERMAN JACKSON
　　　　　　　　　　　　　　　　　United States District Judge

DATE: June 7, 2011